IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| Vincent L. Abell | : | |
| Appellant | : | |
| v. | : | Case No. 14-1771 |
| Maria-Theresa Wilson, *et al.*, | : | |
| Appellees | : | |

### APPELLEE WILSON'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL APPENDIX

Appellee Maria-Theresa Wilson ("Wilson") hereby moves that the Court accept the attached Supplemental Appendix filed by Wilson.[1]  The grounds for this Motion are as follow:

1. Appellant Abell filed his proposed designation of the contents of the Joint Appendix on August 15, 2014.

2. Appellee Schlossberg and Appellee Wilson both filed and served counter-designations.  Attachments A and B.

3. Appellant Abell failed to include either of those counter-designations in the Joint Appendix, save one designation of Appellee Schlossberg.

4. Appellee Wilson called this failure to the attention of the Appellant and requested that the omission be corrected in accordance with App. R. 30(c).  Attachment C.  The counter-designation included findings in the record below from the Superior Court relating to the contentions made by Appellant Abell as to what happened in that Court.

5. Appellant Abell nevertheless refused to include those counter-designations in the Joint Appendix and to file an amended Joint Appendix.

---

[1] Appellee Wilson first sought consent of the other parties.  Appellee Schlossberg has consented to the relief sought by this Motion.  Appellant Abell's counsel stated that he would not consent.

6. Pages 1-13 of the attached Supplemental Appendix contain the counter-designations of Wilson omitted from the Joint Appendix by Abell.

7. Pages 18-20 of the Supplemental Appendix contain one of the counter-designations of Appellee Schlossberg omitted from the Joint Appendix by Abell.

8. In his opening Brief, Appellant Abell also made numerous statements as to what allegedly happened in the District of Columbia Superior Court matter *Wilson v. Abell, et al.*, 2004-CA-7270. Brief at pp. 10-26. Those are statements of counsel and are not supported by any reference to the *actual findings* of the Superior Court.

9. In order to ensure that this Court is aware of the actual state of affairs in the Superior Court matter, pp. 2-7, 8-13, 17, 30-34, and 36-37 of the Supplemental Appendix set out the recent pertinent findings of the Superior Court in the *Wilson v. Abell* matter.

10. Pages 38-47 of the Supplemental Appendix contain excerpts relating to Abell's assertions in filed pleadings before the Superior Court. These pleadings contradict the undocumented assertions made by Abell in his opening Brief as to the motions in that Court regarding his wife. Brief at pp. 19-21. These pages were part of the record before the District Court. District Court Docket No. 13 (pp. 32-43). To the extent that Abell's counsel's extra-record *assertions* are germane, Appellee respectfully requests that the Court take judicial notice of what is actually in the Superior Court record on this point. Pages 38-47 of the Supplemental Appendix set forth the record on that issue.

11. Federal Rule of Evidence 201 provides that "[j]udicial notice may be taken at any stage of the proceeding," including an appeal. *See In re Indian Palms Assoc., Ltd.*, 61 F.3d 197, 205 (3rd Cir. 1995)("Judicial notice may be taken at any stage of the proceeding,…including on

appeal,… as long as it is not unfair to a party to do so and does not undermine the trial court's factfinding authority.").

12. An appellate court may also take judicial notice of the materials in the files of other courts related to the matters at issue. *See*, *e.g,*. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239-40 (4th Cir. 1989) (appropriate to take judicial notice of facts found by another court that are "relevant and critical to the matter on appeal"); *Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996)(judicial notice of determinations of other courts outside the federal system); *Aguilar v. U.S. Immigration and Customs Enforcement Div. of Dept. of Homeland Sec.*, 510 F.3d 1, 8 n.1 (1st Cir. 2007)(taking judicial notice of "copies of orders from immigration judges awarding continuances, changes of venue, and other ancillary relief to several of the petitioners").

13. It would not be unfair to Appellant Abell for the Court to take judicial notice of the additional findings of the Superior Court because (a) Appellant Abell makes unsubstantiated reference to the events in that proceeding, and the materials in the Supplemental Appendix provide this Court with the <u>actual</u> findings of that court and (b) Appellant Abell has been aware of those findings since they were made by the Superior Court and thus these findings come as no surprise to Appellant Abell. Moreover, Appellant's Brief characterizes the docket entries from the Superior Court. (Brief at pp. 15-16, 19, and 21.) To the extent that these rulings are germane to this Appeal, this Court should have available the *actual* findings of the Superior Court, not just Abell's counsel's *assertions* as to what happened.

Conclusion

For the reasons set forth herein, Appellee Wilson requests that the Court accept the accompanying Supplemental Appendix and that the Court take judicial notice of the findings of

the District of Columbia Superior Court relating to the issues raised by Appellant Abell in this matter.

Dated: October 22, 2014

Respectfully submitted,

/s/_____
Randell C. Ogg, Md. Bar No. 22623
Law Offices of Randell C. Ogg
1150 Connecticut Avenue NW, 9th Floor
Washington, DC 20036
Tel. (202) 862-4323
Fax (202) 828-4130
rogg@bode.com
*Counsel for Appellee Maria-Theresa Wilson*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of October, 2014, a true and correct copy of Appellee Maria-Theresa Wilson's Motion for Leave to File Supplemental Appendix was served on all counsel for this matter via ECF.

/s/_____
Randell C. Ogg

4