## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| Vincent L. Abell | : | |
|    Appellant | : | |
|       v. | : | Case No. 14-1771 |
| Maria-Theresa Wilson, *et al.* | : | |
|    Appellees | : | |

### APPELLEE ROGER SCHLOSSBERG'S MOTION PURUSANT TO LOCAL RULE 28(d) TO FILE SEPARATE BRIEF

Appellee Roger Schlossberg, Chapter 11 Trustee (the "Trustee") for the bankruptcy estate of Appellant Vincent L. Abell ("Abell") hereby moves for an entry of an order permitting the Trustee to file a separate brief from Appellee Creditor Maria-Theresa Wilson ("Wilson") purusant to Local Appellate Rule 28(d), and in support thereof, states as follows:

### Background

1. The present appeal arises from two separate orders originally entered by the bankruptcy court, one obtained by the Trustee and one obtained by Wilson, each awarding sanctions against Abell under Fed. R. Civ. P. 37 as a result of distinct discovery violations. On the appeal below to the district court (which affirmed both orders), each Appellee filed its own brief. Here, the Trustee seeks to file a response brief separate from Wilson.

2. As a result of Abell's non-response to the Trustee's interrogatories concerning retirement fund exemptions claimed in Abell's bankruptcy case (which were the subject of a contested matter based on objections thereto), the Trustee filed a Motion for Sanctions Against Vincent L. Abell Under Federal Rule of Civil Procedure 37 for Failure to Respond Timely to the Trustee's Interrogatories in Contested Matter (the "Trustee's Motion for Sanctions"). Apx. 6H, 235. As a result of Abell's non-compliance with a bankruptcy court order compelling the

production of documents and response to an interrogatory to Wilson, Wilson filed a Motion for Sanctions to Remedy Debtor Abell's Violations of the Court Discovery Order of December 13, 2013 ("Wilson's Motion for Sanctions"). Apx. 6H. In their respective Motions, the Trustee and Wilson both sought similar sanctions against Abell; adverse findings that the retirement funds were not exempt from Abell's bankruptcy estate. However, the Trustee and Wilson had distinct and separate bases for seeking such sanctions.

3. On February 18, 2014, the bankruptcy court granted the Trustee's Motion for Sanctions. Apx. 437. On February 24, 2014, the bankruptcy court granted Wilson's Motion for Sanctions. Apx. 440. Abell appealed both Orders to the district court.

4. On July 3, 2014, the district court affirmed both Orders of the bankruptcy court in a single Memorandum of Opinion and Order of Judgment. Apx. 454, 463. Abell noticed the present Appeal. Apx. 464.

5. Due to a procedural misunderstanding, counsel for the Trustee (as well as counsel for Wilson) understood that applicable rules permitted the Trustee and Wilson to file separate briefs because Abell had appealed two separate Orders, one particular to the Trustee and one particular to Wilson. In accordance with that understanding, counsel for Wilson drafted and filed a separate response brief on October 24, 2014 [Dkt. No. 22] and counsel for the Trustee has likewise drafted a separate response brief, with the anticipation of filing his brief on October 29, 2014 (the court-ordered response deadline).

6. On October 27, 2014, the Deputy Clerk of the Fourth Circuit issued a Docket Correction Notice, directing Wilson to file a consolidated brief with the Trustee by November 6, 2014, "unless grounds exist for a motion to file separate briefs." [Dkt. No. 24].

**Relief Requested**

7. Local Appellate Rule 28(d) provides, in part, that a motion to file a separate brief will be granted "upon a particularized showing of good cause, such as, but not limited to, cases

2

in which the interest of the parties are adverse."

8.  The Trustee submits that good cause exists to permit the Trustee and Wilson to file separate briefs. Preliminarily, Abell appealed two separate Orders entered by the bankruptcy court that correspond to separate motions filed by the Trustee and Wilson, respectively, The Trustee's Motion for Sanctions was based upon Abell's complete non-response to his interrogatories. Wilson's Motion for Sanctions was based upon Abell's non-compliance with a prior court order compelling discovery. Although both Motions sought similar sanctions and certain issues overlap, the heart of each motion (*i.e.*, the particular discovery violation that served as the basis for requesting sanctions) was independent, distinct, and particular to the respective moving party.

9.  Based on the separate discovery violations giving rise to the Motions at issue, separate briefing will allow the Trustee and Wilson to address issues specific to the bankruptcy court's entry of sanctions in response to their respective Motions. Additionally, because the discovery violations underlying each respective Order are different, Wilson's and the Trustee's positions could be viewed as adverse.

10. Lastly, although stemming from a misunderstanding of counsel, Wilson has already filed a response brief and the Trustee has already substantially drafted his response brief, which he is prepared to file by the initial response brief deadline of October 29, 2014. If Wilson and the Trustee are required to submit one brief, Wilson and the Trustee will have to expend additional resources attempting to combine their perspective briefs and positions.

11. Undersigned counsel recognizes that the Court disfavors motions to file separate briefs but believes it is appropriate in this case. To the extent that the Court directs that a consolidated brief be filed, the Trustee respectfully requests that sufficient time beyond November 6, 2014 (the date given in the Notice issued today for filing of a consolidated brief) be given to Appellees to coordinate the filing of a consolidated brief.

3

## Conclusion

12.     The Trustee respectfully requests that the Court permit the Trustee and Wilson to file separate briefs purusant to Local Appellate Rule 28(d) and submits that good cause exists to permit a separate filing where this Appeal arises from two separate discovery violations of Abell, one particular to Wilson and one particular to the Trustee; the Trustee's and Wilson's positions may become adverse; and the Trustee and Wilson have already prepared separate briefs based upon their interpretation, albeit incorrect, of applicable rules.

Dated:  October 27, 2014                         Respectfully Submitted,


/s/ Richard M. Goldberg
Richard M. Goldberg, Bar No. 07994
rmg@shapirosher.com
Anastasia L. McCusker, Bar No. 29533
alm@shapirosher.com
Shapiro Sher Guinot & Sandler
36 South Charles Street, 20th Floor
Baltimore, MD 21201
(410) 385-0202

*Counsel to Roger Schlossberg, Chapter 11 Trustee*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of October, 2014, a true and correct copy of Appellee Roger Schlossberg's Motion Purusant to Local Rule 28(d) to File Separate Brief was served on all counsel for this matter via ECF.

                                              */s/* Anastasia L. McCusker
                                              Anastasia L. McCusker